James **FALCON**

v.

**SELECTIVE SERVICE SYSTEM, LOCAL BOARD #169, GREENSBURG, PENNSYLVANIA.**

Civ. A. No. 70-831.

United States District Court,
W. D. Pennsylvania.

Aug. 7, 1970.

Supplemental Opinion Aug. 13, 1970.

Robert N. Stefanon, James R. Kelley, Greensburg, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., David M. Curry, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

GOURLEY, District Judge.

In this civil action, plaintiff, a registrant of Local Board No. 169, Greensburg, Pennsylvania, seeks to enjoin his induction into the Armed Services of the United States. Jurisdiction of the Court is invoked under §§ 1331, 1361, 2201 and 2202 of Title 28 of the United States Code. A Complaint and Motion for Preliminary Injunction was filed on July 15, 1970, and a hearing was conducted by this member of the Court on July 21, 1970 upon the Motion. Prior to the hearing, the parties entered into a Stipulation of Facts, attaching thereto a copy of registrant's Selective Service file, and filed the same with the Court. Upon consideration of the pleadings, Stipulation of Facts, briefs and arguments of counsel and the evidence offered at the hearing, the Court concludes that the Motion must be denied.

The operative facts can be briefly stated. Plaintiff enjoyed the benefits of a II–S student deferment until October 27, 1969, which deferment enabled him to complete his graduate education from the Duquesne University School of Law in June of 1969. He was classified I–A on October 27, 1969. On June 18, 1970, plaintiff was ordered to report for induction on July 21, 1970. Plaintiff was born on July 18, 1944 and reached the twenty-sixth anniversary of his date of birth on July 18, 1970. Thus, plaintiff, by an Order of Local Board No. 169 issued prior to his twenty-sixth birthday, was directed to report for induction on a day subsequent to his attaining the age of twenty-six.

The sole issue presented is whether Local Board No. 169 has acted within the authority of the Military Selective Service Act of 1967, 50 U.S.C. App. § 451 et. seq. It is plaintiff's contention that 50 U.S.C. App. § 454(a) prohibits the Local Board from ordering plaintiff to report for induction at a time subsequent to his attaining twenty-six years of age.

Congress has provided in 50 U.S.C. App. § 454(a), in pertinent part, as follows:

"Except as otherwise provided in this title (Sections 451, 453, 454, 455, 456 and 458–471 of this Appendix), every male citizen of the United States * * * who is between the ages of

18 years and 6 months and 26 years, at the time fixed for his registration * * * *or who is otherwise liable as provided in Section 6(h) of this title (Section 456(h) of this Appendix),* shall be liable for training and service in the Armed Forces of the United States: * * * *"

\* \* \* \* \* \*

"No person, without his consent, shall be inducted for training and service in the Armed Forces or for training in the National Security Training Corps under this title (Sections 451, 453, 454, 455, 456 and 458–471 of this Appendix), *except as otherwise provided herein,* after he has attained the twenty-sixth anniversary of the day of his birth." (Emphasis added.)

In contending that paragraph (a) of Section 454 renders nugatory plaintiff's order to report for induction on July 21, 1970, after he had attained the age of twenty-six, plaintiff overlooks the exceptions to which paragraph (a) refers, particularly the exception contained in 50 U.S.C. App. § 456.

In paragraph (h) of § 456, 50 U.S.C. App. § 456(h), Congress provides for the deferment of students, subject to a proviso. Section 456(h) provides in pertinent part:

"(h) (1) * * * the President shall, under such rules and regulations as he may prescribe, provide for the deferment from training and service in the Armed Forces of persons satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning and who request such deferment. * * *"

\* \* \* \* \* \*

"(h) (2) * * * *Provided further,* That persons who are or may be deferred under the provisions of this section shall remain liable for training and service in the Armed Forces under the provisions of section 4(a) of this Act [section 454(a) of this Appendix] until the thirty-fifth anniversary of the date of their birth. * * *"

In Kaline v. United States, 235 F.2d 54 (9th Cir. 1956), the Court considered the question of whether a registrant who had been afforded a deferment pursuant to § 456(h) but whose deferred status ceased before he reached age twenty-six was subject to extended liability by virtue of said prior deferred status. After an exhaustive analysis of the Statute and the Congressional Record at pps. 62–65, the Court determined that the sense of Congress, at the time § 456(h) was enacted, was that a man who enjoys the benefit of a deferment should remain liable for training and service until age thirty-five. On this basis the Court held that the liability of the registrant was extended to age thirty-five notwithstanding the fact that his deferred status ceased before his twenty-sixth birthday. Accordingly, the Court found that the Order of the Local Board issued when the registrant was twenty-seven years of age and directing him to report for induction at said age was authorized by the Statute.

In a case before the Court of Appeals for the Third Judicial Circuit, United States ex rel. McCarthy v. Cook, 225 F.2d 71 (3d Cir. 1955), appellant claimed that, as his II–S student deferred status had been terminated by the Local Board prior to his attaining age twenty-six, his liability for training and service was not extended. The Court rejected this theory out of hand, reasoning that appellant clearly had been deferred under provision of § 456(h) of the Act and, under these circumstances remained liable for induction after age twenty-six. In the *Cook* case, the II–S deferment of appellant was terminated prior to his twenty-sixth birthday, he was ordered to report for induction prior to his twenty-sixth birthday, and he was inducted subsequent thereto. The material facts of the instant case are analogous.

In the most recent case in which the effect of deferred status upon extended liability for service has been considered, the Court held that authority to call up persons between age twenty-six and thir-

ty-five applied to *all* persons deferred under the provision of § 456 of the Act. United States v. Brown, 290 F.Supp. 542 (D. Delaware, 1968). In this case, the defendant claimed that extended liability applied only to those persons deferred by virtue of their activities necessary to health, safety or national interest, which would have excluded him as he had been deferred under Class III–A (dependents). However, after considering the Conference Report which preceded the enactment of the "And provided further" clause of § 456(h) and the legislative history as reviewed in *Kaline, supra*, the Court stated at p. 548:

"* * * that Congress intended by the proviso to make *all* persons liable for service until age thirty-five who were or would be deferred from induction. The language of the proviso itself likewise supports this conclusion. It states that 'persons' without limitations, deferred under '*this section*' shall be subject to military service until age thirty-five. The only 'section' referred to is section 456. By the express terms of the proviso all persons deferred under section 456 are, without exception, made liable for service until age thirty-five."

The Court, in *Brown, supra*, then looked to the administrative interpretation of the Act contained in 32 C.F.R. 1622.1(a). As promulgated on September 28, 1951, said Regulation read in pertinent part:

"(P)ersons who on June 19, 1951, were, or thereafter are, deferred under provisions of Section 6 [i. e. § 456] of such act shall remain liable for training and service until they attain the age of 35."

Of this Regulation, the Court stated at p. 549, "This regulation extended liability for military service to age thirty-five for all persons then or thereafter deferred under Section 456, without exception." In a footnote, the Court indicated that subsequent amendments to the regulation limiting liability of persons in some deferred classifications to twenty-

eight years rather than thirty-five years made no change in § 1622.1(a) which was relevant to the case.

With respect to § 1622.1 of the Regulations, the Court added at p. 549:

"The administrative interpretation of the Act is entitled to substantial weight in construing it, especially since that construction is consistent with its literal terms, its legislative history, and is essentially reasonable. This is especially true since Congress has never seen fit to disturb that interpretation despite its opportunity to do so in its subsequent amendments to the statute. Certainly, Congress may change or supplement a regulation."

32 C.F.R. 1631.7, as recently amended, prescribes the action by the Local Board in selecting registrants to fill the call for men to be delivered for induction. It provides that the Local Board:

(a) * * * *shall select and issue orders to report* for induction to the number of men required to fill the call from among its registrants who have been classified in Class I–A or Class I–A–O and have been found acceptable for service in the Armed Forces * * * Registrants shall be *selected and ordered to report* for induction in the following categories and in the order indicated:

(1) Delinquents who have attained the age of 19 years in the order of their dates of birth with the oldest being selected first.

(2) Volunteers who have not attained the age of 26 years in the sequence in which they volunteered for induction.

(3) (i) 1970. In the calendar year 1970, non-volunteers born on or after January 1, 1944, and on or before December 31, 1950, who have not attained the 26th anniversary of the dates of their birth in the order of their random sequence numbers established by random selection procedures prescribed in accordance with paragraph (d) of Section 1631.5 * * *

Clearly, the authority of the Local Board is limited by § 1631.7 to *selecting men* (by random selection procedures) and *issuing orders* to report for induction. Actual induction, over which the Local Board has no control, must be performed by the Armed Forces.

Upon receipt of a call, the Local Board must first look to registrants who are classified I–A or I–A–O, who have been found acceptable for service and to whom a Statement of Acceptability has been mailed at least 21 days prior to the date fixed for induction. Plaintiff was classified I–A and had been properly notified of acceptability.

From this group, the Local Board must then issue orders to report for induction: first, to all delinquents who have attained age nineteen[1]; then to volunteers who have not attained age twenty-six; and then, 1970, to non-volunteers born between January 1, 1944 and December 31, 1950, who have not attained their twenty-sixth birthday, in the order of their random sequence numbers established by random selection procedures. Plaintiff was unquestionably within the latter category. He had not reached his twenty-sixth birthday. His random sequence number had been reached by random selection procedures prescribed by regulation. Under these circumstances, the Local Board had no choice but to issue him an order to report for induction. To do otherwise would have been a clear violation of § 1631.7.

It is the conclusion of the Court that plaintiff's induction into the Armed Services is in compliance with the Military Selective Service Act of 1967, as amended, and the Selective Service Regulations implementing the same.

The Motion for Preliminary Injunction therefore will be denied, plaintiff having failed to demonstrate a proba-

bility of prevailing upon the merits of the legal question presented herein upon application for final relief. An appropriate Order is entered.

## SUPPLEMENTAL OPINION

In this proceeding at Civil Action No. 70–831 under the Selective Service Act, the Court entered what it believed to be a most thorough Opinion which was dispositive of all the matters presented by counsel for the respective parties in their representative briefs and at the time of oral argument. Said Order was entered on the 7th day of August 1970, in which the plaintiff's Motion for a Preliminary Injunction was denied, and in which the relief requested was to enjoin the Selective Service authorities from proceeding with the induction of the plaintiff James Falcon into the military service of his country on July 21, 1970.

The immediate matter before the Court is a Motion to stay the induction of the plaintiff into military service until the disposition of an appeal, which was filed Monday, August 10, 1970. Under the provisions of Rule 8 of the Rules of Appellate Procedure, it is provided inter alia:

> Application for a stay of the judgment or order of a district court pending appeal \* \* \* must ordinarily be made in the first instance in the district court. A motion may be made for such relief to the court of appeals or to a judge thereof, but if this procedure is followed the motion to the appellate court shall set forth that the district court has denied an application, with the reasons given by the district court for its action.

This Court exhausted in its study and evaluation all provisions of law which related to the issues presented, and only after most deep, thorough and complete

---

1. The decisions of the Supreme Court of the United States in Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970) and Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct.

661, 24 L.Ed.2d 653 (1970) appear to invalidate the delinquency provision of the Regulation but leave unaffected the other provisions of the Regulation, which are relevant here.

thought concluded that the complaining party was not entitled to relief.

Counsel for the plaintiff represents to this Court, and the record made this date will speak for itself, that the District Court failed and neglected to treat the effect of the 1969 Amendments to the Selective Service Act as limiting the vulnerability of this plaintiff for induction. With due deference to the distinguished counsel's statement, I most respectfully disagree. I did exhaust all provisions of law, read them most carefully, and gave them the considered evaluation and intention in every way possible.

It is not my desire to subject the plaintiff or his counsel to any unnecessary inconvenience, and if the United States Court of Appeals sat in this city, I would deny without a second's hesitation the request which is now being made to suspend the effectiveness of the Order and decision entered on the 7th day of August 1970. However, against my better judgment but due to the persistence of plaintiff's counsel that the Court is in error, I will suspend the effectiveness of this Order until the 24th day of August 1970, which is eleven days from this date, August 13, 1970. I am entering this Order.

## ORDER

And now, to wit, this 13th Day of August 1970, upon consideration of the within Motion of Supersedeas, it is hereby ordered, adjudged and decreed, that all matters in the instant case are stayed until the 24th day of August 1970 in order that a full and complete opportunity will exist to present the matter to the United States Court of Appeals for the Third Judicial Circuit. The Clerk of Court is directed to file the within Supplemental Opinion as part of the record of this proceeding. If the United States Court of Appeals for the Third Judicial Circuit does not extend the effectiveness of this Order beyond twelve midnight on August 24, 1970, the Selective Service authorities are hereby empowered to take such action against James Falcon as in

their judgment is consistent with the provisions of law and the opinion of this Court.

The Court Reporter is directed to transcribe the statements made by counsel and the Court this date forthwith and the record of the hearing held in this proceeding, and to bill counsel for the parties on a daily record basis, in view of the great number of other matters which the Reporter has for attention that this member of the Court has heard since the hearing was held. This Order is entered in order that the members of the Court of Appeals will have available, when consideration is given to the application for extension of the order entered this date, all matters stated by counsel and the trial judge at the time of the original hearing and on this date.